THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 MAY 10 A 11: 47

P. HACKETT, CLK
DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| ANDREW J. KEHOE and <br> JOANNE KEHOE, <br><br> Plaintiffs, <br><br> v. <br><br> MERCK & CO., INC., a foreign Corporation; ANNE BRANDON, an Individual; LAMONDE RUSSELL, an Individual; and fictitious defendants A, B, C & D, being those persons, firms or Corporations whose fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to Plaintiff, but will be substituted by amendment when ascertained, <br><br> Defendants. | CV 3:06cv425-SRW <br><br> Removed from the <br> Circuit Court of <br> Russell County, AL <br> (CV-06-126) |

## NOTICE OF REMOVAL

The United States District Court for the Middle District of Alabama:

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck") hereby removes this action pursuant to 28 U.S.C. § 1441 from the Circuit Court of Russell County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division, and respectfully states to this Court as follows:

I.   **PROCEDURAL BACKGROUND**

   1.   This action involves allegations regarding the prescription drug Vioxx®. On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring 148 Vioxx products liability cases to the United States District Court for the

1

Eastern District of Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. Merck intends to seek the transfer of this action to that Multidistrict litigation, *In re VIOXX Products Liability Litigation,* MDL No. 1657, and will file shortly a motion to stay pending MDL transfer.

2. On April 3, 2006, Plaintiffs Andrew J. Kehoe and Joanne Kehoe ("Plaintiffs") commenced a civil action against Merck, Merck employees Anne Brandon and Lamonde Russell, ("Employee Defendants"), and certain fictitious defendants, by filing a complaint (the "Complaint") in the Circuit Court of Russell County, Alabama, bearing Civil Action No. 2006-126. In their Complaint, Plaintiffs allege that Plaintiff Andrew J. Kehoe, was caused personal injury as a result of his ingestion of Vioxx. [Compl., ¶ 10]. The Complaint includes claims for strict liability (Count I), negligence (Count II), breach of express warranty (Count III), breach of implied warranty (Count IV), fraud (Count V), fraudulent misrepresentation (Count VI), and loss of consortium (Count VII). As to the Employee Defendants, the Complaint alleges that they falsely "misrepresented the safety and efficacy of its drug and concealed or understated its dangerous side effects." [Compl., ¶ 13].

3. On or about April 13, 2006, Merck was served with a copy of the Complaint, and on or about April 10, 2006, Russell Lamonde and Anne Brandon were served. A true and correct copy of the Summons and Complaint served on Merck and the contents of the state court file are collectively attached hereto as **Exhibit A**.

4. For the reasons described below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and

it is between citizens of different states.

## II. **MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

5.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441(b), because it is filed within thirty days of service on all properly served defendants.

6.  The United States District Court for the Middle District of Alabama (Eastern Division) embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81 & 1441(a).

7.  Merck need not obtain the consent of either of the Employee Defendants because, as set out more fully below, the Employee Defendants are fraudulently joined in this action in an attempt to defeat removal. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983); *Alexander v. UDV N. Am., Inc.*, 78 F. Supp. 2d 614, 617 n. 4 (E.D. Mich. 1999) (citing *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

7.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendants is attached as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the State Court in which the action is currently pending. A copy of Merck's filing in state court is attached hereto as **Exhibit B**.

3

III. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

    A. **The Amount in Controversy Requirement Is Satisfied.**

8.    It is apparent from the face of the Complaint that the Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Since the Complaint seeks an unspecified amount of damages, Merck must only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *See Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003) (*quoting Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

9.    In this case, Plaintiffs alleges that Andrew J. Kehoe suffered a heart attack as a result of his ingestion of Vioxx. [Compl., ¶ 10]. Based on these and other allegations, the Complaint seeks unspecified compensatory and punitive damages for the injuries allegedly caused by Vioxx. [*See, e.g., id.,* pp. 14-16].

10.    Alabama juries in product liability cases routinely render verdicts in excess of $75,000 exclusive of interest and costs. *See* **Exhibit C**. Further, Alabama appellate courts have upheld verdicts in excess of $75,000 in such cases. *Id.*

11.    In circumstances similar to this case, federal courts around the country have ruled that actions alleging personal injuries caused by Vioxx meet the amount-in-controversy threshold. *See, e.g., Morgan v. Merck & Co.*, No. 3:03cv435WS, slip op. at 2 (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co.*, No. L-03-134, slip op. at 1 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co.*, Civ. No. H-02-3139, slip op. at 1 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co.*, No. 02-C-4203, slip op. at 1 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co.*, No. 02-0196, slip op. at 2 n.2 (W.D. La. June 18, 2002); *Jones v. Merck & Co.*, Civ. No. 02-00186, slip op. at 2 (D. Haw. June 5,

2002). These courts all were presented with complaints seeking damages for injuries caused by Vioxx, and all found that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

### B.  There is Complete Diversity of Citizenship.

12.  There is complete diversity as between Plaintiffs and Merck, the only properly joined defendant.

13.  Plaintiffs are citizens of the State of Alabama. [Compl., ¶ 1].[1]

14.  Merck is, and was at the time this suit was commenced, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

15.  The Complaint includes a number of fictitious defendants, whose citizenship is ignored for removal purposes. 28 U.S.C. § 1441(a).

16.  Plaintiffs name two Employee Defendants as Defendants. [Compl., ¶ ¶ 5 and 6]. However, these Defendants are fraudulently joined and, therefore, their citizenship must be ignored for removal purposes. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).

17.  Unfortunately, the fraudulent joinder of pharmaceutical employees has become a common tactic in pharmaceutical litigation to attempt to defeat diversity and

---

[1]  Plaintiffs allege that they are residents of Alabama. (Compl. ¶ 1.) Plaintiffs do not allege any alternative states of residence. Accordingly, upon information and belief, Alabama is the state in which Plaintiff is domiciled and, therefore, the state of which they are citizens for purposes of determining diversity. 28 U.S.C. § 1332(a).

thwart defendants' right to defend claims against them in Federal Courts. Nevertheless, two separate MDL courts have found, applying Alabama law in the context of claims based on prescription medications, that plaintiffs cannot pursue claims against sales representatives and that their joinder does not defeat diversity. *See, e.g., In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D. N.Y. 2001) ("*Rezulin I*"); *In re Baycol Products Litigation*, MDL 1431, Order dated March 26, 2004, attached hereto as **Exhibit D**. *See also Fowler v. Pharmacia & Upjohn et al.*, CV-04-PT-712-M, Order dated June 24, 2004, attached hereto as **Exhibit E** (denying motion to remand, citing *In re Rezulin* and *In re Baycol* opinions discussed herein).

18.  A defendant is fraudulently joined when there is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997); *accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (recognizing that a "reasonable" basis to predict that plaintiff could prevail on the claims against an in-state defendant requires more than a "theoretical" possibility). Such a "reasonable basis" must be based on facts in evidence and cannot be "merely theoretical." *Legg v. Wyeth*, __ F.3d __, 2005 WL 2756717, at *6 and n.5 (11th Cir. Oct. 25, 2005). *See also Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *4 (M.D. Ala. Dec. 19, 2005)(discussing *Legg*). When the defendant presents affidavits that are not disputed by the plaintiff, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Legg*, 2005 WL 2756717, at *4. The Court must not, "*in the absence of any proof, assume that the*

*nonmoving party could or would prove the necessary facts."* Id. at *5 (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000)) (emphasis in original).

19. Where, as here, summary judgment evidence (*see* Declarations, attached hereto as **Exhibit F**) demonstrates that the Employee Defendants made no representations to the Plaintiff concerning Vioxx and did not manufacture, design, sell, prescribe, test or warrant Vioxx, there is no reasonable basis on which Plaintiff could prevail against those individuals.[2] Furthermore, the Employee Defendants made no representations to Plaintiff's treating physician concerning Vioxx. *See Stern v. Wyeth*, Case No. 02-80620-CIV-MARRA (S.D. Fla. Jan. 22, 2003) (denying plaintiff's motion to remand where affidavit of employee defendant demonstrated that there was no factual basis for liability); *In re Rezulin Products Liab. Litig.*, 133 F. Supp. 2d 272, 282 (S.D.N.Y. 2001) (denying motion to remand where affidavit of pharmaceutical representative established that the named employee did not have contact with plaintiff or physicians).

20. In the face of the evidence put forth in the attached declarations, the allegations in Plaintiffs' Complaint cannot defeat removal. *See Sierminski v. Transouth Financial Corp.*, 216 F. 3d 945, 948 (11th Cir. 2000) (holding that federal court's considering propriety of removal on diversity grounds are not limited to reviewing the allegations of the complaint and affirming denial of motion to remand); *TKI Inc. v.*

---

[2] Russell and Brandon verified under oath in their declarations, among other things: "I have never promoted or detailed Vioxx in Russell County, Alabama. . . . I have never met nor spoken with Andrew J. Kehoe or Joanne Kehoe. . . . I understand that the Plaintiff has identified his prescribing physician as Dr. Dennis Harden . . . I have never called on Dr. Harden regarding Vioxx. . . At no time did I have any involvement at all with the manufacture, development, or testing of Vioxx. . . . At no time did I ever sell, offer to sell or take orders for the sale of Vioxx to patients . . . I made no knowing misrepresentation concerning the safety or efficacy of Vioxx . . . I am not a physician, and have therefore never prescribed Vioxx. I am also not a pharmacist and therefore have never written or filled a prescription for Vioxx as a pharmacist. The information that I used during the course of my employment was provided to me by my employer . . . I had no involvement in the development or preparation of prescribing information for Vioxx, and did not have responsibility for the content or other written warnings concerning Vioxx contained in other information provided to me by my employer."

*Nichols Research Corp.*, 191 F. Supp. 2d 1307 (M.D. Ala. 2002)(relying on deposition testimony to find in-state defendants fraudulently joined); *Goins v. Merck & Co.*, Case No. 4:03 CV-70-1 (M.D. Ga. Sept. 9, 2003) (relying on affidavits to find in-state pharmaceutical representatives fraudulently joined); *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *5 (M.D. Ala. Dec. 19, 2005).

21. Aside from the Plaintiffs' inability to present countervailing evidence, there is no reasonable basis for predicting that a state court might impose liability on the Employee Defendants because the Complaint on its face fails to state a claim against the Employee Defendants upon which relief can be granted. Most of these allegations are broad, collective, and conclusory claims against "the defendants" and lump each of the individual Employee Defendants together and with Merck. For example, in Count III, Plaintiffs allege that "Defendants, jointly and severally, made express representations to Plaintiff, Andrew J. Kehoe, relative to its product, VIOXX, (Rofecoxib), directly and/or through his prescribing physician." In Count V, Plaintiff alleges that "Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that VIOXX (Rofecoxib) was safe and effective." None of these allegations, or any other allegations in the Complaint, specify any alleged specific, individual misconduct or tortious acts committed by the Employee Defendants. Indeed, Plaintiff seems uncertained as to whether the Employee Defendants are even responsible for the alleged fraudulent or intentional misrepresentations as shown by the Plaintiff's generalized statement that "the Defendants" made false representations without making any attempt to distinguish or specify what one Employee Defendant did or represented compared to another. The fact that no attempt is made to distinguish or separate the

alleged conduct between the Employee Defendants in this case underscores the point that they are named solely for the purpose of defeating diversity jurisdiction.

22.    Such vague, uncertain and boiler-plate assertions are not sufficient to state a factual basis for any claim against any of the Employee Defendants. *See, e.g., Tillman v. RJ Reynolds Tobacco,* 253 F.3d 1302, 1305 (11th Cir. 2001) (non-diverse employee defendants fraudulently joined "where plaintiff failed to tie these defendants to the underlying allegations of the complaint"); *Banger ex rel. Freeman v. Magnolia Nursing Home, L.P.,* 234 F. Supp. 2d 633, 637-38 (S.D. Miss. 2002) (collective, conclusory and generic allegations of wrongdoing on the part of all defendants are insufficient to show that individual defendant was not fraudulently joined) (citing *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392-93 (5th Cir. 2000)); *In re Rezulin Prods. Liab. Litig.,* 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) ("*Rezulin II*") (pharmaceutical representatives fraudulently joined due to general collective allegations regarding "defendants"); *Lyons v. American Tobacco Co.,* No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

23.    Furthermore, there is no reasonable basis to predict that Plaintiffs will prevail on any of their claims against the Employee Defendants because Plaintiffs have not and cannot allege that the individual Employee Defendants actually personally participated in any wrongdoing. *See, e.g., Stern v. Wyeth,* No. 02-80620-CIV-MARRA, at 6 (S.D. Fla. Jan. 22, 2003) (denying plaintiff's motion to remand where plaintiff failed to allege "personal involvement" by an employee defendant in the alleged tortious

9

conduct of the corporate defendant employer); *Kimmons*, 844 F. Supp. at 740 (defendant fraudulently joined were no allegations of personal participation were made); *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *11 (M.D. Ala. Dec. 19, 2005)(discussing *In re Rezulin* and the necessity of showing personal participation by the sales representative in the alleged fraud).

24. Plaintiffs' fraud and fraudulent misrepresentation counts (Counts V and VI) are deficient because Plaintiffs have not specifically alleged that the Employee Defendants, independently from Merck, made a misrepresentation to Plaintiff's decedent or his prescribing physicians. A claim for misrepresentation and fraud requires, at a minimum, the identification of a particular misstatement by each Defendant. *See, e.g., Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *10 to *11 (M.D. Ala. Dec. 19, 2005); *Atlantic Nat. Bank of Florida v. Vest*, 480 So. 2d 1328, 1331 (Fla. 2d DCA 1985) (holding that in order to allege a viable cause of action for negligent misrepresentation, plaintiffs must allege, among other things, that there was a misrepresentation of a material fact).

25. Plaintiffs' fraud and fraudulent misrepresentation claims are also deficient because Plaintiff has failed to plead the claims with the particularity required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(b); *see also Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against defendants violated Rule 9(b) and resulted in finding of fraudulent joinder); *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *10 to *11 (M.D. Ala. Dec. 19, 2005); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505, 1512 (11th Cir. 1988);

*Rezulin I*, 133 F. Supp. 2d at 183-84 (finding in-state defendants fraudulently joined due to plaintiff's failure to plead fraud claims with particularity). An order denying remand in another Vioxx® case explains why Plaintiffs' claims in this case fail. *See Hernandez v. Merck & Co., Inc., et. al*, Case No. 6:05-CV-00221-ORL-31-KRS (Order dated May 3, 2005, denying plaintiffs' motion to remand and dismissing two Merck sales representatives as defendants) (attached as **Exhibit G**). Judge Presnell of the Middle District of Florida held that the claims against the sales representatives in the *Hernandez* case were totally lacking in merit. According to the Court:

> Plaintiff has failed to allege what specific misrepresentations either Ortega or Kilkelly made to Dr. Lou or to the Plaintiff; the allegation that certain statements referred to in a warning letter to Merck were made to 'the plaintiff and/or plaintiff's prescribing physician' is clearly deficient. Nor does the Plaintiff allege who made particular misrepresentations, when and where those misrepresentations were made, or how each misrepresentation was false or misleading.

*Id.* at 10 n.12; *see also Merced-Torres v. Merck & Co., Inc.*, Case No. 6:05-CV-449-ORL-19DAB (Judge Fawsett's order denying plaintiffs' motion to remand) (*See* **Exhibit H**). Because Plaintiffs' claims against the Employee Defendants suffer from the same deficiencies as those in *Hernandez* and *Merced-Torres*, these claims must be rejected as meritless by this Court.

26. Plaintiffs' allegations in Count VI of their Complaint, although at some points naming the Employee Defendants by name, do not meet the specificity requirements of the Federal Rules of Civil Procedure, nor do they even approach the level where they would prevent this from being an obvious case of fraudulent joinder. The allegations in Count VI make reference to literature drafted by and provided by Merck, but do not state any specifics as to whom the Employee Defendants allegedly made misrepresentations, what specifically was stated or passed on, when and where

such misrepresentations were allegedly made or any other details. Plaintiffs attach specimen literature and letters as exhibits to their Complaint, but do not allege that any such literature or letters were provided by the Employee Defendants to either Plaintiff or any of his physicians.

27. Counts III and IV (breach of express and implied warranty) fail against the Employee Defendants because Alabama's adoption of the U.C.C. requires that the accused party be a "seller" to be liable for breach of warranty. *See Ala. Code* §7-2-103(1)(d) (defining "seller" as "a person who sells or contracts to sell goods"); *see also Ala. Code* §§7-2-313, 7-2-314 & 7-2-315 (both express and implied warranty claims refer to the creation of warranties by the "seller"); *Wellcraft Marine v. Zarzour*, 577 So. 2d 414 (Ala. 1990) (noting that Alabama statutes defining the warranties of merchantability and fitness for a particular purpose both apply to the "seller"); *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *7 (M.D. Ala. Dec. 19, 2005)(concluding that there can be no breach of warranty claims against a sales representative because sales representatives are not "sellers" of goods).

28. Count VII (Loss of Consortium) also fails to state a claim because it is a derivative claim that is dependent upon a separate viable claim. *See, e.g., Davis v. Wal-Mart Stores, Inc.*, 64 F.Supp.2d 1176, 1181 (M.D. Ala. 1999). Therefore, since there are no viable claims by the Plaintiffs against the Employee Defendants, there can be no viable loss of consortium claim against such defendants.

29. In short, because there is no reasonable basis for predicting that Plaintiffs could prevail on any of their claims against the Employee Defendants, their citizenship

should be ignored for the purpose of determining the propriety of removal, and this Court therefore has diversity jurisdiction over this matter.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of Russell County, Alabama, bearing Civil Action Number CV-06-126, to this Court, pursuant to 28 U.S.C. § 1441.

_____
Alan T. Hargrove, Jr.
    Bar Number: (ASB-7018-H46A)
Mike Brock
    Bar Number: (ASB-5280-B61R)
F. Chadwick Morriss
    Bar Number: (ASB-8504-S75F)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone: 334/206-3100
Fax: 334/263-4157
E-mail:    ath@rsjg.com
           rcb@rsjg.com
           fcm@rsjg.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

    Andy D. Birchfield, Jr., Esquire
    J. Paul Sizemore, Esquire
    Benjamin L. Locklar, Esquire
    Beasley, Allen, Crow, Methvin,
       Portis & Miles, P. C.
    P. O. Box 4160
    Montgomery, Alabama 36103-4160

by placing a copy of same in the United States mail, postage prepaid, this the 10th day of May, 2006.

_____
OF COUNSEL