**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDREW J. KEHOE and** | * | |
| **JOANNE KEHOE,** | * | |
| | * | |
| **PLAINTIFFS,** | * | |
| | * | |
| **v.** | * | **CASE NO: 3:06cv00425-MEF** |
| | * | |
| **MERCK & CO., INC., et al.,** | * | |
| | * | |
| **DEFENDANTS.** | * | |

**PLAINTIFFS' OPPOSITION TO MERCK'S MOTION TO**
**STAY PROCEEDINGS PENDING TRANSFER DECISION BY**
**THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

COME NOW the Plaintiffs, Andrew J. Kehoe and Joanne Kehoe, and respectfully oppose Defendant Merck's motion to stay all proceedings pending transfer of this cause to the Judicial Panel On Multidistrict Litigation ("JPML"), and in further support hereof, state as follows:

**INTRODUCTION**

Defendant Merck's Motion to Stay is due to be **DENIED**. The issue of subject matter jurisdiction should be resolved by this Court[1]. Defendant Merck has failed to establish why this Court should stay this cause, pending resolution of all issues, including whether this cause should be remanded back to state court, by the Multidistrict Litigation ("MDL") court. This Court is in a better position than the MDL court to resolve whether this cause should be remanded. If this cause is stayed and ultimately transferred to the

---

1 This Court recently denied the motions to stay and granted the motions to remand of the plaintiffs in two companion cases. See Leverett v. Merck & Co., Inc., et al., Case No. 3:06cv128-MHT (M.D. Ala. March 15, 2006), Judge Thompson; Struthers v. Merck & Co., Inc., et al., Case No. 2:06cv127-MHT (M.D. Ala. March 13, 2006, Judge Thompson.

1

MDL court, this case, like hundreds of others, will languish indefinitely in the federal courts, which lacks jurisdiction over this cause to begin with. The fact that other VIOXX® cases are pending in the MDL court is not dispositive of the pending motion to stay and should not preclude this Court from promptly acting on the pending motion to remand. VIOXX® cases have been filed in state and federal venues around the nation, including several cases pending in Alabama. This Court can, and should, move expeditiously to **GRANT** the Plaintiffs' Motion to Remand, and should not shift that burden to the MDL court.

## ARGUMENT

In its motion to stay these cases these proceeding, Defendant Merck contends that other federal district courts have granted stays, pending transfer of the respective cases to the MDL court. While some courts do take this course of action, an equal or greater number of federal district courts have ruled upon the pending motions to remand, and where appropriate, have remanded those cases back to the state courts in which the actions were initially filed. Many such remand orders have occurred in VIOXX®-related litigation.[2]

In the diet drug litigation, the drug manufacturer, Wyeth, filed motions to stay proceedings in virtually every case. This Court did not accede to the defendant's delay tactics and promptly addresses the jurisdictional issues before it. For example, in Sandra Cash v. Wyeth, CV03-RRA-3378E (M.D. Ala.), this Court rejected the notion that the

---

2 See the following orders and memorandum opinions attached to the Plaintiff's Brief in Support of Motion to Remand for Vioxx-related rulings, denying motions to stay pending transfers to the MDL: Amisch v. Merck & Co., Inc., et al., Case no. 04-CV-847-DRH (S.D. Ill. Dec. 22, 2004); Tomlin v. Merck Co., Inc., et al., Case no. 04-14335-CIV-Moore (S.D. Fla. Feb. 18, 2005); White v. Merck Co., Inc., et al., Case no. 8:05-cv-243-T-26MSS (M.D. Fla. Feb. 14, 2005). Hendershot v. Merck & Co., Inc., et al., Case No. 3:05cv70-JMH and 3:05-cv-73-JMH (E.D. Ky. Dec. 22, 2005).

MDL court was in a better position to resolve the jurisdictional issues and stated: "The question of whether Cherry (the sales representative) was negligent or made fraudulent statements is specific to this case. The MDL court would not be in a better position to decide remand than this court." Likewise, the question of whether the sales representatives who detailed the Plaintiffs' prescribing physician committed fraudulent acts and joined in the suppression of material information to the healthcare community is Alabama is best decided by a court sitting in Alabama and applying Alabama law. This Court is in a far better position to do so than a federal MDL court in New Orleans, Louisiana.

Furthermore, the United States Court of Appeals for the Eleventh Circuit and other federal courts have determined that the federal court in which a removal and remand action are pending should promptly seek to determine whether the federal court has jurisdiction over the matter before it, or whether justice is most appropriately served by remanding the cause to state court. Consistent with the principles of judicial economy, issues of subject matter jurisdiction should be resolved prior to any transfer to a MDL.

## I. Federal Procedural Law Requires That This Court Rule Plaintiffs' Motion For Remand Prior To Addressing Any Other Motions, Including A Request To Stay Proceedings

This Court is under a duty to examine its own jurisdiction prior to entertaining any action. University of South Ala. v. The American Tobacco Company, 168 F. 3d 405, 410 (11th Cir. 1999) ("[A federal] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."). If this Court lacks subject matter jurisdiction, it is without power to act in any respect, including entering a stay of

proceedings. Stern v. Mutual Life Ins. Co., 968 F. Supp. 637, 639 (N.D. Ala. 1997) ("If the court lacks jurisdiction *ab initio*, it is without jurisdiction to enter such a stay. It is incumbent upon a court whose subject matter jurisdiction is questioned to make a determination as to whether it has, or does not have, jurisdiction over the action."). See also, United States v. Hays, 515 U.S. 737-742-744, 155 S. Ct. 2431, 2435 (1995) ("The court has an independent obligation to examine the petition for removal to determine if federal jurisdiction exists over the case.")3

In Nicholas v. The Prudential Insurance Co., No. 97-0204-CB-C, 1977 U.S. Dist. LEXIS 6579 (M.D. Ala. 1997), the defendant, Prudential, asked the court to stay all proceedings, including Plaintiffs' Motion to Remand, until the JPML addressed Prudential's tag-along notice and transfer request. Prudential argued that other cases had been transferred to the MDL court without rulings by the local federal courts on the remand motions. Prudential also argued that allowing all motions to remand to be heard in one setting would "promote consistency, conserve judicial resources, and avoid duplicative discovery." Id. Prudential further stated that since out courts granted stays under identical circumstances, the court should do likewise. The court disagreed and stated:

> [M]ore importantly, the plaintiffs choose to pursue their claims in state court. It is axiomatic that "federal courts are courts or limited jurisdiction," and that "plaintiff is still the master of his own claim." To allow this case to be transferred to the District of New Jersey unnecessarily burdens the plaintiffs' right to proceed in the forum of their own choosing. Even if the District Court in New Jersey ultimately remanded the case to the Circuit Court of Mobile County, Alabama, the plaintiffs would nevertheless be forced to pursue their claim in a forum not of their choosing one thousand miles from home. In

---

3 Because of these federal, precedential mandates, it is disconcerting that the JPML would undertake authority to recommend that a case be transferred to the MDL court and equally disconcerting that resolution of jurisdictional issues are delayed by some federal district courts who fail or refuse to address the removal petitions and remand motions in the respective cases before it.

light of the clearly improper removal of this case, such circumstances are simply intolerable.

Nicholas v. The Prudential Insurance Company, No. 97-0204-CB-C, 1997 U.S. Dist. LEXIS 6579 (M.D. Ala. 1997) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).

Other federal district courts have addressed the issue of whether it is appropriate to allow transfer of a civil action to an MDL court in the absence of original jurisdiction in the district court. See Aetna U.S. Healthcare, Inc. v. Hoeschst Aktiengesellschaft, 54 F. Supp. 2d 1042 (D. Kan. 1999); Bellinder v. Microsoft Corp., 2000 WL 57501 (D. Kan. 2000). As in the cause *sub* judice, in Aetna, plaintiffs filed suit in Kansas state court against the drug manufacturers and against certain in-state defendants, alleging unfair competition and violations of the Kansas' Unfair Trade and Consumer Protection Act. Aetna, 54 F. Supp. 2d at 1046. The defendants removed the action to federal court and sought a stay pending the JPML addressing whether the case should be transferred to the MDL court. Id. The federal district court in Aetna, addressing the issue currently before this Court, wrote:

> Defendants argue that the Court should stay consideration of plaintiffs' motion for remand (and all other issues) until the Joint panel on Multi-District Litigation ("JPMDL") has decided their motion to consolidate numerous similar actions. Defendants contend that plaintiffs will still get a chance to seek remand, after the JPMDL has made its decision.
>
> The Court has no reason to delay ruling on plaintiffs' motion to remand. The Court retains jurisdiction to decide the remand issue, despite defendants' motion to the JPMDL. See Panel Rule 1.5, 181 F.R.D. 1, 3 (1988).[4] Defendants cite district courts which have already addressed the

---

[4] Rules of Procedure of the Judicial Panel on Mutlidistrict Litigation. 28 U.S.C. § 1407. Rule 1.5. Effect of the Pendency of an Action Before the Panel: The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the

jurisdictional issue, which is an important preliminary issue in this case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1407(c).

While staying the proceedings might allow a single district court to rule on the jurisdictional issue in the various cases, a stay would not affect the law that applies to the present case and little would be gained by a stay on the motion to remand. The parties would still be subject to Kansas law. No great judicial economy will be realized from a delay. The parties will not save time, for they have already briefed the remand issue. The Court is well versed in both Kansas and federal law, while the transferor court would need to apply the law of different states to different claims. For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before trial resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue.

Aetna, 54 F. Supp. 2d at 1047-48 (footnote omitted). Accord Havens Protected "C"

Clamps, Inc. v. Pilkington, PLC, 2000 WL 382027 (D. Kan. 2000), wherein the court

stated:

According to Panel Rule 1.5, this court's jurisdiction is not affected by the MDL panel's issuance of a conditional transfer order, and therefore this court retains jurisdiction to rule on plaintiffs' pending motion to remand. *Because disposition of plaintiffs' motion to remand requires the court to determine whether federal jurisdiction exists over the action, the court believes that, in the interests of judicial economy, resolution of plaintiffs' motion is appropriate at this juncture.* Indeed, because the issues raised in plaintiffs' motion to remand have been fully briefed by the parties, and further because there is reason to believe that the transferee court would be a more suitable forum for resolution of the matters raised therein, the court can perceive no benefit to deferring ruling on plaintiffs' motion...Finally, the court notes that *there is at least some authority for the proposition that a district court cannot stay proceedings for which it lacks jurisdiction . . .* Accordingly, defendants' informal request to stay these proceedings pending the transfer of the case by the MDL Panel is denied.

Havens, 2000 WL 382027 *2 (emphasis added).

---

district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

Appropriately, in <u>Lloyd v. Cabell Huntington Hospital, Inc.</u>, 58 F. Supp. 2d 694 (S.D. W.Va. 1999), the court ruled that it is without the power to stay proceedings in cases where no federal jurisdiction is present. The court ruled:

> This Court cannot, however, stay proceedings in an action over which it lacks jurisdiction. Removal statutes must be construed strictly against removal. *Adkins v. Gibson*, 906 F. Supp. 345 346 (S.D.W.Va. 1995) (Haden, C.J.) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)); accord *Murray v. State Farm Fire & Cas. Co.*, 870 F. Supp. 123, 124 (S.D.W.Va. 1994)(Haden, C.J.). The burden of establishing the propriety of removal falls upon the removing party. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary.

<u>Lloyd</u>, 58 F. Supp. 2d at 696.

The United States District Court for the Northern District of California, likewise, addressed this issue. In <u>Tortola Restaurants v. Kimberly-Clark Corp.</u>, 987 F. Supp. 1186 (N.D. Cal. 1997), certain citizens of California filed suit against Kimberly-Clark, contending the defendant was guilty of a price fixing scheme. Kimberly-Clark, removed the case to federal court and sought stay of proceedings, pending the matter being transferred to the MDL court. The court properly denied the defendants' motion to stay and remanded the case back to state court, because, as the court noted, it lacked subject matter jurisdiction. <u>Id.</u> at 1190. In the discussion for defendants' motion to stay the court noted:

> A putative *transferor court need not* automatically postpone rulings on pending motions, or in any way generally *suspend proceedings, merely on grounds that an MDL transfer motion has been filed.* See Manual for Complex Litigation 3d § 31.131, p. 252 (3d ed. 1995); see also *Villareal v. Chrysler Corp.*, No. C-95-4414, 1996, WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("a stay is improper. Judicial economy will be best served by addressing the remand issue [as it] will facilitate litigation in the appropriate forum).

Here, a motion has been filed with this Court seeking a determination of the appropriate forum in which to litigate this matter. 'The appropriate forum, moreover, is a threshold issue to class certification and defendants' petition to the Panel does not affect scheduled pretrial proceedings.' This Court, as transferor Court, 'retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, *motions to remand should be resolved before the panel acts on the motion to transfer.' Spitzfaden v. Dow Corning Corp.*, No. 95-2578, 1995 WL 662663, *4 n. 1 (E.D. La. Nov. 8, 1995)(citing Manual for Complex Litigation, 3d § 31.131.) Accordingly, defendants' motion for stay of proceedings pending a decision by the Panel is hereby DENIED, and the Court addresses the merits of plaintiff's remand motion.

Tortola, 987 F. Supp at 1189 (emphasis added).

## II.    MDL Courts Routinely Prefer That District Courts Reject Motions To Stay And Resolve Any Motions To Remand Themselves

In the diet drug litigation cases, the original federal judge presiding over the diet-drug MDL, addressed how the federal district courts facing remand and removal actions should address the pending matters before them in light of potential transfer of the cases to the MDL court. In a March 4, 1998, hearing in Philadelphia, Pennsylvania, the MDL judge stated:

There are one or two things. Let me mention just one or two other items that everyone here has to be concerned about. When cases are transferred here, many times they are transferred here and very little has been done in the transferor court. They have been filed there and they are a tagalong and everything kind of stops, that allows it to work. *Although, in many instances there are motions filed in the transferor court, some are motions to remand back to state court.* For example, there might be other motions pending in the transferor court at the time that the case is to be transferred here. *In virtually every instance, the transferor court, when that court learns that it could become involved in the MDL, they do not rule on any of those motions. Although they have the authority and, indeed, the power to do so, they – it is a matter of custom, do not do that. It is better if they did, but they don't.*

In Re: Diet Drugs Products Liability Litigation, MDL 1203, Hearing Transcript at 105-106 (E.D. PA, July 16, 2002)(emphasis added). Similarly, the predecessor judge in the

diet-drug MDL court, when asked to address issues regarding the alleged fraudulent joinder of defendants, asked, "Why shouldn't that matter be decided by the [local] federal court in Louisiana rather than my remanding cases to the State Court?" And he questioned, "Is that really a matter for me to get involved in? Isn't it better for a [local] federal court in Mississippi to decide that? I mean, that court would certainly be better versed in the nuances of Mississippi law than I." The judge observed that each case presents unique questions on proper joinder of defendants, application of state law on the various claims, and resolution of those matters pursuant to the respective state laws, and he noted that judicial economy, consistency and efficiency warranted resolution of these issues by the local courts. Id.

### III.    Merck's Request For A Stay Should Be Denied

This Court is in a much better position than the MDL court to determine whether this case should be remanded back to state court. As such, it is incumbent upon this Court to promptly address the remand motion, and it would be inappropriate to issue a stay of the proceedings.

### CONCLUSION

There is no subject matter jurisdiction in this case. There is no reason for this Court to postpone its decision on the jurisdictional issue while awaiting a decision of the JPML. To avoid prejudicing the Plaintiffs and punishing them for filing suit in the forum of their choice, and for the sake of judicial economy and efficiency, this Court should exercise its discretion and resolve the jurisdictional issue promptly.

Defendant Merck's motion to stay these proceedings is due to be **DENIED**.

Respectfully submitted this 24th day of May, 2006.

/s/ J. Paul Sizemore
**ANDY D. BIRCHFIELD, JR. (BIR006)**
**J. PAUL SIZEMORE (SIZ004)**
**BENJAMIN L. LOCKLAR (LOC009)**
**W. ROGER SMITH, III (SMI257)**
**Attorneys for Plaintiff**

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN,**
   **PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax:   (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the

parties as listed below by placing a copy of same in the United States Mail, first class,

postage prepaid on this the 24th day of May, 2006.

Alan T. Hargrove, Jr.
Mike Brock
F. Chadwick Morriss
**RUSHTON, STAKELY, JOHNSTON**
   **& GARRETT, P.A.**
Post Office Box 270
Montgomery, Alabama  36101-0270

/s/ J. Paul  Sizemore
**OF COUNSEL**