IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| YOLANDA KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | )    2:05cv165-T |
| | )        (WO) |
| MERCK & COMPANY, INC., a | ) |
| foreign corporation, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

It is ORDERED that Merck & Co, Inc.'s motion to stay (Doc. No. 8) is granted and that this cause is stayed pending a decision by the MDL panel as to whether this case should be transferred to an MDL court.

DONE, this the 26th day of April, 2005.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE



EXHIBIT C

**FILED**
2005 Jun-30 AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUANELLY McBRAYER WILKES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v ) | CIVIL ACTION NO. 05-RRA-1214-S |
| ) | |
| MERCK & CO., INC., et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER
(Re Defendants' Motion to Stay, ct doc. 5; Plaintiff's Motion to Remand, ct doc 7)

The complaint and the parties' submissions concerning the above-stated motions have been studied. The plaintiffs allege that the treating resident physicians knew sufficient information about Vioxx and Celebrex to appreciate that neither should have been prescribed to the plaintiffs. They also contradictorily allege that Merck concealed material information from the physician defendants, who would have acted differently if properly warned regarding the risk and dangers associated with Vioxx and Celebrex. Moreover, the plaintiffs' only allegation against the physicians is the conclusory allegation that they "negligently, wantonly, and/or wrongfully prescribed and/or provided samples of the brand name prescription drugs Vioxx and Celebrex to the plaintiffs with actual and/or constructive knowledge of the risk and dangers associated with the use of Vioxx and Celebrex." *Complaint* ¶ 63   Under Alabama law,

> In any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall include in the complaint a detailed specification and a factual description of each act and omission alleged by plaintiff to render the health

care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts... any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted.

Ala Code § 6 5-551. It is noted that numerous cases against Merck have been filed in this court and have been transferred to the MDL court

Because of the contradictory allegations against the physician defendants, and the failure of the complaint to comply with Alabama law concerning specificity in making allegations against physicians, it appears to be a good possibility that it will be determined that the individual defendants were fraudulently joined. If it were <u>clear</u> that these physicians were not fraudulently joined, and if judges from this district were ruling on the motions to remand, this motion to stay might be denied and the motion to remand ruled on. The opposite being the event, and in order to have consistent rulings, the motion to stay is GRANTED, and all proceedings in this case, including the motion to remand, are STAYED pending action by the MDL court

DONE this 30th day of June, 2005.

*Robert R Armstrong*
ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE

-2-

Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREG GOUGE,

      Plaintiff,

v.                                  Case No. 3:05CV345/RV

MERCK & CO., INC., TAFFANY
SHIPP, HANK FILLINGIM, TOM
KIERNAN, SARAH PACCHETTI,
and SHANA HOLMAN,

      Defendants.

## ORDER

This case was originally filed in the Circuit Court of Escambia County, Florida, against Merck & Co., Inc. ("Merck"), Taffany Shipp, Hank Fillingim, Tom Kiernan, Sarah Pacchetti, and Shana Holman, alleging claims based on injuries related to the drug Vioxx. The case was removed to this court by the Defendants on September 12, 2005. On September 16, 2005, Merck filed a motion to stay the proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("MDL"). (Doc. 5) On October 7, 2005, the Plaintiffs filed a motion to remand, arguing that the court lacked jurisdiction over the case. (Doc. 8) An order granting Merck's motion to stay was entered on October 12, 2005. (Doc. 11) On October 21, 2005, the MDL conditionally transferred the case, as anticipated in the stay order, to the Eastern District of Louisiana. Plaintiff's motion to reconsider this court's order on the motion to stay is now pending. (Doc. 13)

I.    **DISCUSSION**

Plaintiff argues that his motion to remand should take precedence over the stay of proceedings because it involves issues specific to Florida state law. While a stay pending a transfer decision by the MDL is generally appropriate, a district court may rule on a motion that raises issues unique to the particular case. Manual for Complex Litigation (Third) § 31.131 (1995). Plaintiff's motion to remand turns on the potential liability of the individual defendants in this case, who were pharmaceutical sales representatives for Merck. The individual defendants are Florida residents, and their presence as parties in this case will serve to defeat diversity jurisdiction, unless Merck can show that they were fraudulently joined. To prove fraudulent joinder, Merck would have to show by clear and convincing evidence that there is no possibility that the Plaintiffs can recover damages from the non-diverse individual defendants. Triggs v. John Crump Toyota, 154 F.3d 1284 (11th Cir. 1998).

Other district courts have not reached any uniform conclusion as to whether a motion to remand based on this issue should take precedence over a stay pending transfer. Compare Lloyd v. Cabell Huntington Hospital, 58 F. Supp. 2d 694 (S.D. W. Va. 1999) (court should rule on motion to remand before granting stay) with Weinke v. Microsoft, 84 F Supp 2d 989 (E.D. La 2000) (stay takes precedence over motion to remand). However, a high percentage of the Vioxx cases that have been transferred to the Eastern District of Louisiana have been transferred with pending motions to remand. See Walker v. Merck, 2005 WL 1565839 (S.D. Ill 2005)(70 such cases as of June 2005). The issue of potential sales representative liability raised by the Plaintiff's motion is, therefore, one that the transferee court will almost certainly have to decide for a large number of similar cases.

Given that the central issue involved in Plaintiff's motion to remand is not unique to this case or to Florida law, I find that a continued stay is appropriate.

*Case No. 3:04cv283/RV*

Page 3 of 3

Staying the motion to remand serves the interest of judicial economy, and lowers the risk of inconsistent rulings on the sales representatives' potential liability issue by allowing it to be decided by the single court handling all of the federal cases. Further, given that a conditional transfer order has already been entered in this case, Plaintiff will not be subjected to any significant delay based on the imposition of this stay.

### III. CONCLUSION

For the above reasons, the Plaintiff's motion to reconsider (Doc. 13) is DENIED

DONE AND ORDERED this 28th day of October, 2005

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

Case No: 3:04cv283/RV